One year (50 issues) Payable in Advance.......$15.00
Single Numbers ...............................  .35

#### Chief Editor and Bus. Mgr., Jay F. Laning

#### Circulation Manager, Sam H. Torrey

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

#### EXPIRATIONS

We send notices to subscribers, four weeks in advance
of the date to which their application is paid, thus
assuring them of ample knowledge in time to prepay
renewals, and save the 20 per cent we give to those who
mail the money in advance.

### THE ABSTRACT FOR THIS SUMMER

June is practically the closing month of the judicial year of 1926-1927. The activities of most of the courts are now at high tide, and the work of clearing the dockets is being strenuously pushed by bench and bar. Every judge and practicing attorney now has in mind the long summer and early fall hiatus, or gap in judication, produced by the coming close of court sessions, and is now preparing for or thinking about the probable cessation of trial business during this lull sure to be experienced.

But this situation is not worrying the Abstract publishers. Most practitioners can take a rest during this sort of a holiday, but the paper must be published as usual.

What is more, when courts close down there is a dearth of opinions. But they have learned to provide in advance for this lean period, so as not to be affected by it. Out of the abundance of court opinions that have reached us, recently, there have been some incomplete or unready for publication that will be worked out, and some have been belated by overwork of reporters that will now be forthcoming.

This will be made the Abstract's clean-up period, and to cover everything, possibly additional pages may be required. But when September comes, and courts begin to deliver opinions again, every vestige of previous case law obtainable will have appeared in its columns. While some of the cases published will have been decided anteriorly, yet an older case is generally as good a precedent as one of later date. We will thus be able without remittitur to keep the bar supplied with plenty of food for reflection, and consideration in view of getting ready for the opening of the Autumn assizes.

### No. 426

No. 20316—Justice H. Uncapher v. Ray Curl et al. Error to the Court of Appeals of Morrow County.

1053.  ROADS & HIGHWAYS — County Commissioners must provide right of way for widening inter-county highway being built by state and under 1191 GC. et seq., and are authorized by 1201 GC. to pay the owner or owners the value of land so taken.

DAY, J.

When in the construction of an inter-county highway by state aid under Sections 1191, et seq., General Code, it becomes necessary to widen the existing highway by taking property of an adjoining land owner, the commissioners of the county in which such highway is located must provide the requisite right of way for such deviation from the boundaries of the existing highway, and are authorized by Section 1201, General Code, to pay "the owner or owners of such land or property as may be necessary for such change or alteration" the value of such land or property so taken.

Judgment reversed.

Marshall, CJ., Allen, Robinson, Jones and Matthias, JJ., concur.

### No. 427

No. 20231—Leroy D. Shannon v. The Universal Mortgage and Discount Company. Error to the Court of Appeals of Muskingum County.

480.  EVIDENCE—Where promissory note is by the payee transferred with intent to pass title, and unqualifiedly endorsed by him to show transfer, same in the absence of fraud or mistake cannot be varied by parol as to prior or contemporaneous agreement.

147.  BILLS & NOTES—In action upon endorsement of promissory note, the endorser for purpose of defense may seek by cross-petition, the reformation of such endorsement, upon equitable principals, however, if not sustained by clear and convincing proof such relief is properly denied. (Farr v. Ricker, 46 OS. 265 approved and followed.)

287.  CONSIDERATION—Promise to pay debt upon which promissor is already bound does not constitute consideration to support a new contract.

923.  PLEADING—In action by bona fide holder to recover from endorser on promissory note and answer pleads that which indorser is already legally bound to do, such is not a defense and a judgment in pleadings in favor of bona fide holder is properly granted.

DAY, J.

1. When a promissory note is by the payee thereof transferred with intent to pass title therein, and unqualifiedly indorsed by such payee to evidence the transfer, the contract implied from such indorsement can not, in the absence of fraud or mistake, be varied or explained by parol evidence as to prior or contemporaneous agreement.

2. In an action upon such indorsement, the indorser, for the purpose of defense, may seek, by way of cross-petition, the reformation of

such indorsement, upon equitable principles; if the averments of such cross-petition are not sustained by clear and convincing proof, such relief is properly denied. (Farr v. Ricker, 46 Ohio St. 265, approved and followed.)

3. A promise to pay a debt for which the promissor is already legally bound does not constitute a consideration sufficient to support a new contract.

4. In an action where a bona fide holder seeks to recover against an indorser upon a promissory note and the answer pleads the defense of a promise to do a thing which such indorser is already legally bound to perform, such answer does not state a defense and a motion for judgment on the pleadings in favor of the holder of such promissory note is properly granted.

Judgment affirmed.

Kinkade, Robinson, Jones and Matthias, JJ., concur.

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

**28. ACT OF GOD.**

Even though rain-fall was extraordinary, the fact that injury was made possible to property adjoining that of railroad by reason of a large cut having been excavated would make the railroad company liable. Terminals Co., et. v. Consolidated Oil Co. OA. 5 Abs. 358.

**54. AGENCY—Liability.**

Where person is engaged in collecting rent on certain property, there is no implied duty resting upon him, by reason of such agency, to remove deposit of sand, gravel and cement placed in front of the property on the street, or to place lights thereon, unless same were deposited by his direction or with his acquiescence or knowledge. Stoltz v. Radebaugh. OA. 5 Abs. 356.

**85. APPEAL.**

When case is tried on agreed statement of facts, the reviewing court is not limited in review, as to whether trial judge's findings are manifestly against the evidence, but may also determine matters of law. Heller v. Standard Acc. Ins. Co. OA. 5 Abs. 354.

**126. BANKS & BANKING.**

**147. BILLS & NOTES.**

In action upon endorsement of promissory note, the endorser for purpose of defense may seek by cross-examination, the reformation of such endorsement, upon equitable principals, however, if not sustained by clear and convincing proof such relief is properly denied. (Farr v. Ricker, 46 OS. 265 approved and followed.) Shannon v. Mortgage Co. OS. 5 Abs. 366.

**225. CHARGE TO JURY.**

1. Charge of court is erroneous where jury is instructed that "if you find that such laws and ordinances are in full force and effect," for it is for the court to say what the law was, the statutes and ordinances, or whether any of them, were in full force and effect.

2. The charge, "The care that was reasonably practicable" is erroneous, for that might be more or less than ordinary care, depending on how different minded

persons would understand it. Peaney v. Davis. OA. 5 Abs. 356.

**287. CONSIDERATION.**

Promise to pay debt upon which promissor is already bound does not constitute consideration to support a new contract. Shannon v. Mortgage Co. OS. 5 Abs. 366.

**297. CONTRACTS.**

A court is not privileged to make contracts for others nor in any wise change the conditions of contracts lawfully made, because of some personal notion of what, in a particular case, good morals and fair dealing may require. Heller v. Standard Acc. Ins. Co. OA. 5 Abs. 354.

**323. COUNTY COMMISSIONERS.**

Secs. 2421, 6949 and 7557 GC. authorizes county commissioners to construct bridge as part of road improvement and same may be in municipality upon the consent of council; and where the city is to bear none of the expense a majority vote of council is all that is required. State ex Ellis v. Blakemore, et. OS. 5 Abs. 365.

**331. CORPORATIONS—Usury.**

1. Loan by corporation with execution of note secured by mortgage upon its property, said note providing to pay interest at rate not exceeding that authorized by 8303 GC., but includes in principal, a sum to be paid in excess of the actual loan, such corporate borrower cannot make defense of usury under 8705 GC. as amended.

2. Assignee of such corporation, for benefit of creditors, likewise precluded from making such defense. Alston v. American Mge. Co. OS. 5 Abs. 367.

**448. ELECTIONS.**

Defeated party in election contest cannot resort to quo warranto to secure review of contest brought under Sec. 5162-68 GC. even though no right of appeal and error is provided by statutes. State ex Felder v. McVey. Sup. Ct. 5 Abs. 363.

**456. EMPLOYER & EMPLOYEE.**

To justify the discharge of an employee before the expiration of the term of employment, it is sufficient for the employer to show that the employee was guilty of a default in duty, the natural tendency of which was to injure his business, and actual injury thereto need not be shown. Dayton Rubber Co. v. Brown. Sup. Ct. 5 Abs. 362.

**475. ESTOPPEL.**

Where subcontractor makes statement to owners, of amount owing for construction of buildings, and where owners depending thereon, obtain loan to cover stated amount and discover that subcontractor is entitled to more, subcontractor not estopped from claiming such additional amount when it acted in good faith and gave the original figure to the owners upon strength of a check which had been given them by finance company but which was later dishonored. Coleman, et. v. Hertzman, Rec., et. OA. 5 Abs. 355.

Where estoppel is claimed as a defense against a forgery, facts must be alleged to show one had duty and opportunity to speak and that the holder would rely on his silence. Fourth & Cent. Tr. Co. v. Johnson, Jr. OA. 5 Abs. 357.

**480. EVIDENCE.**

Where promissory note is by the payee transferred with intent to pass title, and unqualifiedly endorsed by him to show transfer, same in the absence of fraud or mistake cannot be varied by parol as to prior or contemporaneous agreement. Shannon v. Mortgage Co. OS. 5 Abs. 366.

**547. FORGERY.**

The principle of agency, whereby the principal may ratify the unauthorized acts of his agent, does not apply to the alleged ratifications of a forged note; the act of the agent being voidable, may be ratified; the